UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL G. CAVIC and | * | |
| HELEN C. CAVIC, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 10-11406-JLT |
| | * | |
| AMERICA'S SERVICING COMPANY, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

June 29, 2011

TAURO, J.

I.  Introduction

Michael G. Cavic and Helen C. Cavic ("Plaintiffs") have sued America's Servicing Company ("Defendant") for breach of contract and, pursuant to Massachusetts General Laws Chapter 93A, failure to make a reasonable settlement offer. Presently at issue is Defendant's Motion for Judgment on the Pleadings [#5], in which Defendant argues that Plaintiffs' claims are barred by the doctrine of res judicata. For the following reasons, Defendant's Motion is DENIED.

II.  Background[1]

---

[1] Because the issues analyzed here arise in the context of a motion for judgment on the pleadings, this court construes the facts in the light most favorable to Plaintiffs. See supra note 22 and accompanying text. Such a motion "implicates the pleadings as a whole," Curran v. Cousins, 509 F.3d 36, 43–44 (1st Cir. 2006) (internal citation omitted), and this court "may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice," id. at 44 (internal citation omitted). Specifically, this court takes "'into account the record in the original action,'" Fernandes v. Quarry Hills Assocs., L.P., 09-11912-JGD, 2010 U.S. Dist. LEXIS 136884, at *3 (D. Mass. Dec. 28, 2010) (quoting Andrew

1

Plaintiffs purchased property at 130 Sachem Drive, Centreville, Massachusetts ("the property").[2] To purchase the property, Plaintiffs borrowed money ("the loan").[3] Repayment of the loan was secured by a mortgage on the property ("the mortgage").[4] Plaintiffs claim that Defendant was the holder of both the loan executed by Plaintiffs and the mortgage on the property.[5]

Plaintiffs were delinquent in making payments on the loan.[6] Plaintiffs and Defendant agreed to forebear foreclosure if Defendant received $3,853.83 on or before August 14, 2009.[7] Although Plaintiffs made the payment on August 13, 2009 via Western Union,[8] Defendant proceeded with a foreclosure sale on the property on August 31, 2009.[9] Defendant evicted Plaintiffs and did not return Plaintiffs' payment.[10]

---

Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008)) (applying the standard from a 12(b)(6) case to ruling on a 12(c) motion), as well as "documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claims; [and] documents sufficiently referred to in the complaint," Curran, 509 F.3d at 44 (alterations in original) (internal citations omitted).

[2] Notice Removal, Ex. 1 ¶ 1–2 [#1].

[3] Notice Removal, Ex. 1 ¶ 3 [#1].

[4] Notice Removal, Ex. 1 ¶ 3 [#1].

[5] Notice Removal, Ex. 1 ¶ 5 [#1].

[6] Notice Removal, Ex. 1 ¶ 6 [#1].

[7] Notice Removal, Ex. 1 ¶ 7–9 [#1].

[8] Notice Removal, Ex. 1 ¶ 10 [#1].

[9] Notice Removal, Ex. 1 ¶ 11 [#1].

[10] Notice Removal, Ex. 1 ¶ 12–13 [#1].

On September 21, 2009, US Bank National Association Trustee for Credit Suisse First Boston Heast 2004-7 ("US Bank") filed a Summary Process Complaint in the Barnstable Division of the Commonwealth of Massachusetts Trial Court seeking to evict Plaintiffs from the property (the "prior state court action").[11] By October 1, 2009, Plaintiffs answered US Bank's complaint and included a counterclaim.[12] On December 8, 2009, Plaintiffs (as defendants in the prior state court action) and US Bank settled their claim and executed an "Agreement for Judgment."[13] Plaintiffs and US Bank, through their respective counsel, then had the prior state court action dismissed by filing a "Stipulation for Dismissal" that dismissed "all claims and counterclaims with prejudice."[14]

On June 9, 2010, Plaintiffs sued Defendant in the Barnstable County Superior Court.[15] Plaintiffs' Complaint alleged that Defendant's foreclosure sale of the property was wrongful and Plaintiffs sought to recover various damages.[16] Plaintiffs also requested damages to be trebled because Defendant neglected to make a reasonable offer of settlement within thirty days of its

---

[11] Mem. Law. Supp. America's Servicing Company's Mot. J. Pleadings, Ex. A [#6] (containing the complaint filed in state court) [hereinafter Mem. Supp. Mot. J. Pleadings]. Although Plaintiffs allege that Defendant was the holder of the mortgage, see supra note 5 and accompanying text, Defendant points out that it is merely the servicer of the loan, which is in fact held by US Bank. See Mem. Supp. Mot. J. Pleadings, 5 [#6].

[12] Mem. Supp. Mot. J. Pleadings, Ex. B [#6].

[13] Mem. Supp. Mot. J. Pleadings, Ex. C [#6] (containing the Agreement for Judgment signed by Plaintiffs and their attorney).

[14] Mem. Supp. Mot. J. Pleadings, Ex. D [#6] (containing the Stipulation for Dismissal).

[15] State Court Record [#4] (attaching a certified copy of Plaintiffs' complaint); Notice of Removal, Ex. 1 [#1]; Notice Removal, 1 [#1].

[16] State Court Record [#4] (attaching a certified copy of Plaintiffs' complaint).

receipt of Plaintiffs' Chapter 93A demand letter.[17]  Defendant removed the case on August 17, 2010.[18]  Defendant filed its Answer [#3] on August 24, 2010 and shortly over a month later filed its Motion for Judgment on the Pleadings [#5].

III.    Discussion

A party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.[19]  The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a Rule 12(b)(6) motion to dismiss.[20]  To survive a motion for judgment on the pleadings, a complaint must allege sufficient facts to "'raise a right to relief above the speculative level'" based upon an "'assumption that all the allegations contained in the complaint are true . . . .'"[21]  A court must view "the facts contained in the pleadings in the light most favorable to the" nonmoving party and draw all reasonable inferences

---

[17] Notice Removal, Ex. 1 ¶ 15–17 [#1].  Chapter 93A, Section 9(3) provides, in relevant part:  "At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent."

[18] Notice Removal [#1]; State Court Record [#4].

[19] Fed. R. Civ. P. 12(c).

[20] See, e.g., Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 49 & n.3 (1st Cir. 2009) (internal citations omitted).

[21] Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (quoting Bell Atlantic Corp. v, Twombly, 550 U.S. 544, 555 (2007)); see also Citibank Global Markets, Inc. v. Santana, 573 F.3d 17, 23 (1st Cir. 2009) (internal citations omitted); Andrew Robinson, 547 F.3d at 51 (explaining that a motion to dismiss will be granted "unless the facts, evaluated in that plaintiff-friendly manner, contain enough meat to support a reasonable expectation that an actionable claim may exist" (internal citations omitted)).

in that party's favor.[22]

Res judicata generally prevents parties from relitigating any claims that they had the "opportunity and incentive to fully litigate in an earlier action."[23] A "judgment rendered in a state court is entitled to same preclusive effect in federal court as [the judgment] would be given within the state in which [the judgment] was rendered."[24] Accordingly, when considering the preclusive effect of a Massachusetts state court adjudication, federal courts apply Massachusetts's res judicata laws.[25]

In Massachusetts, res judicata encompasses both claim preclusion and issue preclusion.[26] Claim preclusion "prevents the relitigation of all claims that a 'litigant had the opportunity and incentive to fully litigate'" in an earlier action.[27] Massachusetts's law requires three essential elements for the invocation of claim preclusion: "'(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause[s] of action; and (3) a prior final judgment on the merits.'"[28] A party moving for dismissal on res judicata grounds has the burden of establishing

---

[22] Perez-Acevedo, 520 F.3d at 29 (internal citations and quotation marks omitted).

[23] Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008) (internal citations and quotation marks omitted) (applying Massachusetts's law).

[24] Pisnoy v. Ahmed (In re: Sonus Networks, Inc.), 499 F.3d 47, 56 (1st Cir. 2007) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)).

[25] See, e.g., Giragosian, 547 F.3d at 63 (internal citation omitted).

[26] Id. (citing In re: Sonus Networks, 499 F.3d at 56).

[27] Id. (quoting In re Sonus Networks, 499 F.3d at 56).

[28] McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006) (alteration in original) (quoting Bui v. Ma, 62 Mass. App. Ct. 533, 561, 828 N.E.2d 572, 579 (2004); see also Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843, 832 N.E.2d 628, 634 (2004) (internal citations omitted).

the three elements of claim preclusion.[29]

Defendant has failed to establish the first element required for the application of claim preclusion for a few reasons.

First and most importantly, Defendant, applies the incorrect legal standard. Defendant argues that the doctrine of non-mutual claim preclusion applies in this case to bar Plaintiffs' claim. Specifically, Defendant relies on In re El San Juan Hotel Corp., 841 F.2d 6, 10 (1st Cir. 1988), and argues that Defendant had a close and significant relationship with US Bank—the defendant in the prior action.[30]

But Massachusetts has rejected the doctrine of non-mutual claim preclusion.[31] Instead, under Massachusetts's law,[32] claim preclusion may be invoked by a person who was not a party to

---

[29] Longval v. Comm'r of Corr., 448 Mass. 412, 417, 861 N.E.2d 760 (2007) (internal citation omitted).

[30] Mem. Supp. Mot. J. Pleadings, 5–6 [#6].

[31] Hermes Automation Tech., Inc. v. Hyundai Elecs. Indus. Co., 915 F.2d 739, 751 (1st Cir. 1990) (citing Whitehall Co., Ltd. v. Barletta, 404 Mass. 497, 502, 536 N.E.2d 333 (1989)) (explaining that In re San Juan Hotel Corp. applied federal preclusion law, not Massachusetts's law). The rule for claim preclusion differs of course from Massachusetts's rule regarding issue preclusion. See O'Brien v. Hanover Ins. Co., 427 Mass. 194, 201–02 n.6, 692 N.E.2d 39 (1998) (citing Home Owners Fed. Sav. & Loan Ass'n v. Northwestern Fire & Mar. Ins. Co., 354 Mass. 448, 455, 238 N.E.2d 55 (1968)). Given that Defendant did not substantively argue for issue preclusion in its Motion, this court abstains from considering the matter. See Harriman v. Hancock Cnty., 627 F.3d 22, 28 (1st Cir. 2010) (affirming that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (internal citation and internal quotation marks omitted))

[32] Because the prior judgment was rendered in a Massachusetts state court, Massachusetts's law of claim preclusion governs.

the prior action only if that person's interest was represented by a party to the prior action.[33]  In fact, it may often be insufficient to merely have a "close and significant relationship" with a party to the prior action.[34]

Second, as judged under Massachusetts's claim preclusion laws, Defendant has not demonstrated any acceptable way in which it has sufficient identity or privity with US Bank.  Even if this court were to accept Plaintiffs' allegations that Defendant held the loan on the property and had authority to stay foreclosure on the property,[35] Defendant has not made a "conclusive showing"[36] that US Bank was representing Defendant's interests in the prior state court action.  Defendant and US Bank appear to be separate legal entities.  Accordingly, the two entities do not have "sufficient legal identity."[37]  This conclusion is buttressed by Defendant's failure to argue

---

[33] Hermes, 915 F.2d at 750–51 (citing Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 249–50, 407 N.E.2d 352, 356 (1980); Roche v. Roche, 22 Mass. App. Ct. 306, 309, 493 N.E.2d 523, 525 (1986)).

[34] Id. at 751 (citing Whitehall, 404 Mass. at 502) (explaining that Massachusetts's preclusion rules are narrower than those imposed by federal law); see also Mongeau, 22 Mass. App. Ct. at 252 (explaining that legal identity requires a "very close relationship bordering on a complete identity of interest between the individuals in question" (internal citation and quotation marks omitted)).

[35] Notice of Removal, Ex. 1 [#1].  Viewing the facts in the light most favorable to Plaintiffs' position on Defendant's Motion, this court accepts that Defendant is the servicer, but not the holder, of the loan.

[36] Hermes, 915 F.2d at 751.

[37] Mongeau, 10 Mass. App. Ct. at 252 (internal citations and quotation marks omitted); cf. Noce v. McGuire, No. 320194, 2008 Mass. LCR Lexis 159, at *23 (Mass. Land Ct., Dec. 18, 2008) (noting that privity was not present because the defendant was a "different legal entity").

7

that it was US Bank's agent.[38] And Defendant has not explained how, under Massachusetts's law, Defendant might be in privity with US Bank.[39] Further, Defendant does not assert that it is a successor in interest to the property, mortgage, or loan.[40] Moreover, Defendant adverts to no authority establishing that, under Massachusetts's res judicata law, a mortgage or loan servicer is entitled to the benefits of claim preclusion where the mortgagee was a party to the prior action.[41]

Finally, Defendant's argument that there is identity between Defendant and US Bank

---

[38] Agency may perhaps be the type of relationship that satisfies the first element of claim preclusion. See Capizzi v. Verrier, No. SUCV951753G, 1996 Mass. Super. LEXIS 371, at *9–10 (Mass. Super. Ct. July 23, 1996) (citing Restatement (Second) of Judgments § 51 (1982)); Tatro v. Taylor, No. 05-00572-C, 2006 Mass. Super. LEXIS 356, at *8 (Mass. Super. Ct., June 16, 2006) (same). And servicers may be agents of mortgagees. See Kiah v. Aurora Loan Servs., LLC, No. 10-14011-FDS, 2010 U.S. Dist. LEXIS 121252, at *15–16 (D. Mass. Nov. 16, 2010) (explaining that a servicer was an agent of a debt's owner where the servicer had the right to collect and foreclose on the mortgage and the servicer possessed the note, which was assigned to the servicer) (internal citations omitted). But Defendant has not provided a sufficient factual record to demonstrate that it was an agent of (and in privity with) US Bank. This conclusion is particularly evident given that Defendant does business under its own name. Compare State Court Record, 12 [#4] (Defendant using its own business name in correspondence) with Capizzi, 1996 Mass. Super. LEXIS 371, at *11 (explaining that one party was in privity with another party when it did business under the style and name of that other party).

[39] Cf. Levenson v. Feuer, No. 1997-04699-F, 2000 Mass. Super. LEXIS 303, at *32–33 (Mass. Super. Ct. May 24, 2000) (explaining that a party to a prior action did not sufficiently represent the interests of the defendants in the current action because the party to the prior action was first required to represent another entity's interests instead and defendants in the current action had not alleged the exercise of any control over the prior litigation), rev'd on other grounds, 60 Mass. App. Ct. 428, 803 N.E.2d 341 (2004).

[40] Cf. Bui, 62 Mass. App. Ct. at 561–62 (explaining how a successor in interest of property can benefit from the rules of res judicata).

[41] Cf. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 187 (1st Cir. 2006) (explaining that specifically under Puerto Rico's preclusion law, parties are in privity if one party acts for or stands in the place of another in relation to a particular subject matter, such as a mortgage servicer stands in relation to a mortgagee) (internal citations omitted)).

because Defendant's rights were not determined without its knowledge is unavailing.[42] First, this argument is inapplicable because it is based on Puerto Rico's laws of claim preclusion, not Massachusetts's relevant laws.[43] Second, the case upon which Defendant relies is distinguishable from this case. The party seeking preclusion in that case was an "active participant in the [prior] state court action."[44] Here, however, Defendant merely illuminates that it has not averred that it was unaware of the prior state court action.[45] Third, as explained above, Defendant has still failed to satisfy Massachusetts's standard for claim preclusion between different parties.

IV. Conclusion

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [#5] is DENIED.

AN ORDER HAS ISSUED.

                                           /s/ Joseph L. Tauro
                                           United States District Judge

---

[42] Mem. Supp. Mot. J. Pleadings, 6 [#6] (citing Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 43 (1st Cir. 1985)).

[43] See Futura, 761 F.2d at 43. Similar to its erroneous reliance on the "close and significant" standard, Defendant has cited no Massachusetts case applying Futura's discussion of the satisfaction of identity of parties merely by a defendant's knowledge of a prior suit.

[44] Id.

[45] Mem. Supp. Mot. J. Pleadings, 6 [#6]. This court does not credit Defendant's further statement that the prior state court action was adjudicated between "both parties to this action." Mem. Supp. Mot. J. Pleadings, 6 [#6]. This statement is, even according to the documents provided by Defendant, plainly incorrect. See Mem. Supp. Mot. J. Pleadings, Ex. C [#6] (containing agreement for judgment executed by a different entity—US Bank—and different counsel, than those involved in this action); id., Ex. D [#6] (containing stipulation of dismissal evidencing the same point).